IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:23-cr-00099-NYW-1

UNITED STATES OF AMERICA,

       Plaintiff,

v.

STEVEN A. DARBEE,

       Defendant.

---

**UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE**

---

COMES NOW Defendant Steven Darbee, through his attorney of record, Assistant Federal Public Defender Josh Lilley, and requests that this Court exclude an additional 120 days from the Speedy Trial Clock Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). In support, Mr. Darbee would show as follows:

1. On April 4, 2023, Mr. Darbee was charged in a four-count indictment with one count of Tax Evasion in violation of 21 U.S.C. § 7201, and three counts of Failure to File in violation of 26 U.S.C. § 7203. Doc. 1.

2. Mr. Darbee traveled from California and appeared on a summons at his Initial Appearance on April 19, 2023. Mr. Darbee also had his Arraignment and Discovery Conference on April 19, 2023

3. On May 2, 2023, the Government filed a Motion for a Status Hearing, requesting a hearing to address Mr. Darbee's inability to secure private counsel to represent him. Doc. 14.

4. A Status Conference was held on May 22, 2023, where the Court found Mr. Darbee "partially eligible for court-appointed counsel, and thus, orders that counsel be appointed for him." Doc. 19.

5. Undersigned Counsel filed a Notice of Appearance on May 23, 2023, and after the parties contacted this Court's Chambers, a pretrial motions deadline was set on June 7, 2023. The speedy trial period is set to expire on June 28, 2023. Doc. 9.

6. The Government has provided defense counsel with a significant amount of discovery in this case.

7. Excluding 120-days from the speedy trial clock would provide undersigned counsel the requisite time to: (1) review all the disclosed discovery which currently includes over 4500 pages of discovery and other media files; (2) conduct any necessary follow-up investigation, which may include travel to California, where Mr. Darbee resides when not in Colorado; (3) consult with Mr. Darbee regarding discovery, potential pretrial motions options, and explain his legal options in the present case; (4) conduct necessary legal research concerning possible pretrial motions; (5) draft, edit, and file any necessary pretrial motions; and (6) effectively prepare for trial.

8. Additionally, undersigned counsel has met with Mr. Darbee and spoken to him about this 120-day continuance to review discovery with him and to adequately advise him of his legal options. Mr. Darbee is out of custody but understands the reason for excluding 120-days from the speedy trial clock and approves of it.

9. The parties have conferred, and the Government does not oppose this motion. All parties agree that such a continuance is both reasonable and, more importantly, necessary to prevent a miscarriage of justice.

10. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and Mr. Darbee in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." § 3161(h)(7)(B)(i). In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See Id*. at 1271.

11. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

12. Given the facts mentioned above, it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself under the current Speedy Trial Clock limitations.  As such, a failure to grant the requested continuance would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i), even considering due diligence by the parties.  See *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

13. Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii), Mr. Darbee, through counsel, moves this Court to exclude an additional 120 days from the Speedy Trial Clock.

14. Last, but not least, the ends of justice served by granting the motion outweigh the best interests of the public and Mr. Darbee in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, Mr. Darbee respectfully requests this Court for an Order excluding an additional 120 days from the Speedy Trial Clock, vacating the current trial date, and continuing the other filing and disclosure deadlines 120-days from the current deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*/s/ Josh Lilley*
Josh Lilley
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email:  josh_lilley@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martha Ann Paluch, Assistant United States Attorney
E-mail: martha.paluch@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Steven A. Darbee        (via U.S. mail)


s/Josh Lilley
JOSH LILLEY
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Josh_lilley@fd.org
Attorney for Defendant