IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 23-cr-00099-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    STEVEN A. DARBEE,

    Defendant.

---

### ORDER GRANTING UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE

---

This matter is before the Court on the Unopposed Motion for an Ends of Justice Continuance (the "Motion") filed on June 6, 2023 by Defendant Steven A. Darbee ("Defendant"). [Doc. 24]. Defendant asks this Court for an order continuing the trial date and related deadlines for 120 days. [*Id.* at 4].

Defendant's Motion implicates the Speedy Trial Act of 1974 (the "Speedy Trial Act" or the "Act"), which is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act "requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *Id.*; *see also* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8). The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

1

. . .

> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This is frequently referred to as an "ends of justice continuance."

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *See Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial."

*Id.* at § 3161(h)(7)(A).  Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive.'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

On April 4, 2023, Defendant was charged by indictment on four counts: one count of tax evasion in violation of 21 U.S.C. § 7201 and three counts of failure to file tax returns in violation of 26 U.S.C. § 7203.  *See* [Doc. 1].  Defendant made his initial appearance on April 19, 2023 and was released on bond.  [Doc. 5; Doc. 11].  The Honorable James P. O'Hara concluded that Defendant was not eligible for court-appointed counsel and directed Defendant to retain private counsel as soon as possible; however, he appointed court-appointed counsel for the limited purposes of assisting Defendant in his initial appearance, arraignment, and discovery hearings. [Doc. 7; Doc. 14 at 1].  On May 2, 2023, the United States filed a Motion for a Status Hearing, which requested a status hearing to address Defendant's inability to secure private counsel.  [*Id.*]. At a Status Conference on May 22, 2023, this Court found Defendant ordered that counsel be appointed for him.  [Doc. 19].  Defense counsel entered his appearance that same day.  [Doc. 21].[1] This Court this matter for a three-day jury trial to begin on June 20, 2023, with pretrial motions due June 7, 2023.  [Doc. 23].

Counsel for Defendant asserts that excluding 120 days from the Speedy Trial Act clock is "necessary to prevent a miscarriage of justice." [Doc. 24 at ¶ 9].  Specifically, counsel states that the United States has disclosed "a significant amount"—over 4,500 pages—of discovery for this

---

[1] Defense counsel originally appointed for the limited purposes of Defendant's initial appearance, arraignment, and discovery hearings also remains as counsel of record in this case.

case, and a 120-day continuance would permit counsel to review the disclosed discovery, conduct any necessary follow-up investigation, and consult with Defendant regarding the discovery, the possibility of filing pretrial motions, and Defendant's legal options. [*Id.* at ¶¶ 6–7]. Defense counsel also notes that Defendant resides in California and that counsel's investigation or consultation with Defendant may require him to travel to California. [*Id.* at ¶ 7]. In addition, defense counsel requires additional time to conduct legal research concerning possible pretrial motions and, if necessary, draft and file those pretrial motions. [*Id.*]. Defendant represents that the United States does not oppose the Motion. [*Id.* at ¶ 9].

Based on the relevant record considered as a whole, including the voluminous discovery in this matter, the delays in securing counsel for Defendant, and defense counsel's recent entry of appearance in this case, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court **FINDS** that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the Motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is **ORDERED** that:

(1)  The Unopposed Motion for an Ends of Justice Continuance [Doc. 24] is **GRANTED**;

(2)  **The 70-day clock, exclusive of tolled time, shall accordingly be extended by 120 days, from June 28, 2023 to October 26, 2023**;

(3)  The current trial and Trial Preparation Conference dates are **VACATED**. The **three-day** jury trial is **RESET** for **October 10, 2023**. The Trial Preparation Conference is **RESET** for **October 6, 2023 at 11:00 a.m.**;

(4)  Defendant shall have up to and including **September 5, 2023** to file pretrial motions, and responses to these motions shall be filed by **September 12, 2023**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Wang_Chambers@cod.uscourts.gov no later than **two business days after the motion is filed** to set such a hearing; and

(5)  The remaining deadlines set forth in the Court's Order Setting Trial Dates and Deadlines [Doc. 23] remain **SET**.

DATED: June 8, 2023                        BY THE COURT:

_____
Nina Y. Wang
United States District Judge