IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-00099-NYW

UNITED STATES OF AMERICA,

  Plaintiff,

v.

STEVEN A. DARBEE,

  Defendant.

---

**PLEA AGREEMENT**

---

The United States of America (the government), by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, and Steven A. Darbee, the defendant, personally and by counsel, Josh Lilley, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I.    AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)    plead guilty to Count 1 of the Indictment charging Tax Evasion, in violation of Title 26, United States Code, Section 7201;

(2)    waive certain appellate and collateral attack rights, as explained in detail below; and

(3)    Pay restitution to the IRS in the amount of **$246,199** plus applicable interest and penalties as discussed below.

COURT EXHIBIT
1

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to move to dismiss Counts 2-4 of the Indictment with prejudice. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

Based upon preliminary discussions with the United States Probation Office, it appears the defendant may fall within Criminal History Category II at the time of a November sentencing hearing.[1]  If that occurs, the defendant intends to file a motion pursuant to U.S.S.G. § 4A1.3(b)(1) based upon substantial overrepresentation of the seriousness of his criminal history.  The government will not oppose that motion. Regardless of the outcome of that motion, the government agrees to recommend a variant sentence of one year and a day in prison.  MP GD JC

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

The parties understand that this agreement is not binding on the Court.

---

[1] This is due to changes to the criminal history provisions of the Sentencing Guidelines that take effect on November 1, 2023.

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)  the sentence exceeds the maximum sentence provided in the statute of conviction, 26 U.S.C. § 7201;

(2)  the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 13; or

(3)  the government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)  the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)  the defendant was deprived of the effective assistance of counsel; or

(3)  the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

<u>Restitution</u>

The defendant agrees to pay restitution to the Internal Revenue Service ("IRS") in the amount of all taxes, interest, and penalties due and owing since April 12, 2013, including all taxes, penalties, and interest on the tax due and owing in an amount to be determined by the Court at sentencing.  The defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of the tax and interest that he agrees to pay as restitution. The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

The government agrees that the defendant's restitution amount should be reduced by the amount of any payments already made by the defendant, exclusive of any payments on penalties and interest, on his outstanding tax obligations from conduct relevant to this plea before the time of sentencing.

The defendant agrees that nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period covered by this agreement or any other time period, and he agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this agreement or any other time period. The defendant also agrees to file complete and accurate tax returns for any outstanding tax years.

## II.    ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Count 1, Tax Evasion, Assessment, 26 U.S.C. § 7201, are as follows:

- First: the defendant owed substantial income tax;

- Second: the defendant intended to evade and defeat payment of that additional tax;

- Third: the defendant committed an affirmative act in furtherance of this intent, that is, he claimed 99 dependents so that his employer would not withhold federal income tax; and

- Fourth: the defendant acted willfully, that is, with the voluntary intent to violate a known legal duty.

*See* 10th Circuit Elements Book; 10th Circuit Pattern Jury Instructions 2.92.

### III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Indictment is: not more than 5 years' imprisonment, $250,000 fine, or both imprisonment and fine; costs of prosecution; a maximum term of supervised release of three years; a $100 mandatory special assessment fee.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct.

The defendant last filed a tax return with the IRS in 2014.  Beginning in April of 2013, and continuing until January of 2021, the defendant willfully attempted to evade

and defeat the payment of substantial income tax due and owing by him by submitting to his employers false Form W-4s claiming multiple dependents so that his employers would not withhold federal income tax.  During all times relevant to this case, the defendant was only allowed to claim two allowances – for himself and his wife.

Specifically, on April 12, 2013, the defendant submitted a Form W-4 to his employer PAR Electrical claiming six allowances.

On April 25, 2013, the defendant submitted a Form W-4 to PAR Electrical claiming eight allowances.

On May 14, 2013, the defendant submitted a Form W-4 to PAR Electrical claiming 99 allowances.

In October of 2018, the IRS mailed a letter to PAR Electrical informing them that they must start withholding federal tax from the defendant at a single filer status with zero dependents.  PAR Electrical did so as documented in one pay stub prior to PAR Electrical letting the defendant go through a reduction in force. A PAR Electrical representative would testify that it was their practice to send a copy of the letter to the mailing address of the employee on file after they received it from the IRS.

Nonetheless, on January 25, 2019, the defendant submitted a Form W-4 to his employer at that time, Hooper Corporation, claiming seven allowances.

On February 20, 2019, the defendant submitted an Employee Information Sheet to his employer at that time, Henkels and McCoy, claiming 99 dependents.  The Employee Information Sheet was the functional equivalent of a Form W-4 and resulted in the defendant's employer not withholding any federal income tax from his wages as the defendant intended.  This form was in effect for the rest of 2019 and remained in

effect during calendar year 2020.  The defendant had an affirmative duty to correct the form and did not do so.

On January 28, 2021, the defendant submitted a Form W-4 to Henkels and McCoy claiming he was "exempt" from paying taxes.

As a result of these false representations, the defendant's employers withheld very little, if any, federal income tax from the defendant's wages for the years 2013 through 2021 as set forth in the indictment.

The defendant had an opportunity to pay all taxes due and owing for each calendar year by the April filing date and did not do so.  Nor did he file a tax return for any of the years in question.

The total amount of federal tax the defendant evaded is **$246,199**.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct

guideline range.  To that end, the government may argue that facts identified in the

presentence report, or otherwise identified during the sentencing process, affect the

estimate below.

a) Under Section 2T1.1, the base offense level is determined by referring to the Tax Table found at 2T4.1.  The tax loss in this case is **$246,199** resulting in a base offense level of 16.  § 2T4.1(F).

b) There are no specific offense characteristics.

c) The parties believe the offense level should be decreased by 3 levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b).

d) The resulting total offense level is 13.

e) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties believe that at the time of a November sentencing hearing, the defendant will be in criminal history category II.

f) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

g) The advisory guideline range resulting from these calculations is 15 to 21 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time,[2] the offense level(s) estimated above could conceivably result in a range from 12 months (bottom of Category I) to 41 months (top of Category VI).  The guideline range would not exceed, in any case, the cumulative statutory maximum applicable to the count of conviction.

h) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and penalties.

i) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is at least 1 year, but not more than 3 years.

---

[2] If the Court finds the defendant's criminal history category is overrepresented and sentences him in Category I, his guideline range would be 12-18 months.

j)    The defendant owes restitution to the IRS in the amount of **$246,199** in taxes due and owing, as well as interest and penalties as calculated by the IRS prior to sentencing as set forth above.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.    ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 10/19/23

Steven A. Darbee
Defendant

Date: 10/19/23

Josh Lilley
Attorney for Defendant

Date: 10/19/23

Martha A. Paluch
Assistant U.S. Attorney